ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPEHR J. PATTOCK (#009797)
Trial Attorney
230 N. First Ave, Suite 204
Phoenix, Arizona 85003
E-mail: Christopher.J.Pattock@usdoj.gov
(602) 682-2600

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Proceedings under Chapter 11 |
| | ) | |
| STONE CANYONE GOLF, LLC, | ) | Case No. 4:13-bk-20334-EWH |
| | ) | |
| Debtor. | ) | **UNITED STATES TRUSTEE'S OMNIBUS RESPONSE TO FIRST DAY MOTIONS FILED BY DEBTOR** |

The United States Trustee for the District of Arizona, Region 14 ("UST"), hereby submits her omnibus responses to the above captioned Debtor's first day motions filed today (November 25, 2013) and set for hearing tomorrow (November 26, 2013), as follows:

a. <u>Failure to Provide Advance Copies of Pleadings under Rule 4001-4.</u>

The Debtor has failed to comply with Local Rule 4001-4. Although the UST was contacted regarding the above captioned case earlier this morning, Monday November 25th, by email at approximately 8:44 a.m., such occurred <u>after</u> the case filing. Said email simply indicated that the case had been filed over the weekend and that two first day motions would be filed later in the morning. No courtesy copies of the motions were provided by the Debtors to the UST in advance as required by the Rule. Copies of the already-filed motions were finally provided to the UST via email at approximately 3:03 p.m. today concerning a hearing scheduled for hearing approximately 17 hours later - tomorrow (Tuesday November 26th) - at 10:30 a.m. No call by Debtors' counsel was made to the UST at any point to discuss the motions.

b. <u>Utility Motion</u>: The U.S. Trustee objects to the Debtor's requested procedures. The Debtor has given no indication:

i. that it is in arrears to any specific utility, other than a general allegation that "…outstanding arrearages exist with respect to some of the Utilities."
ii. that its deposits with any utility have been drawn down due to non-payment; or
iii. any other indicia that the Debtor is in peril of immediate disruption or loss of utility services.

**Moreover, although the Debtor has attached a list of the potentially-affected utilities, its motion was apparently served upon none of them.**

The revised BAPCPA provisions pursuant to 11 U.S.C. § 366 forbid a utility from altering, refusing, or discontinuing services to the Debtors for the first 20 days of the bankruptcy proceedings. Within the first 20 days of the bankruptcy filing the Debtor is provided a "safe harbor" period to properly notice its Utility Motion and obtain a hearing date that will allow the Court and utility providers sufficient time to adequately review and address the requested relief in a manner that does not prejudice any party.

Accordingly - and especially given the absence of notice given the potentially-affected utilities - it would seem appropriate to instead set a hearing date for this issue to be considered following notice to the appropriate utilities, while at the same time providing the Debtor with a "comfort order" to the effect that the utilities are enjoined from altering, refusing, or discontinuing service to, or discriminating against, the Debtor solely on the basis of the commencement of these proceedings or on account of any unpaid invoice for service provided prior to the Petition Date.

c. <u>Wage Motion</u>: The UST has no objection to the payment of non-executive management and non-insider W-2 wage employees being paid in amounts that do not exceed priority limitations. Accordingly, the UST objects to the motion because it does not:
i. identify whether any of the proposed payments are to executive management, and/or insiders; and
ii. itemize the payment amounts to each wage employees, so that it can be verified that each payment does not exceed priority limitations.

RESPECTFULLY SUBMITTED this 25th day of November, 2013.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ Christopher J. Pattock
CHRISTOPHER J. PATTOCK
Trial Attorney

Copy of the forgoing e-mailed on the
25th day of November, 2013, to:

Frederick J. Petersen, Esq.
Mesch, Clark & Rothschild, P.C.
fpetersen@mcrazlaw.com

by:
/s/ Christopher J. Pattock